UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use<br>of MACALLISTER MACHINERY CO., INC.<br>dba MACALLISTER RENTALS | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | CASE NO. 3:22-cv-414 |
| NISOU LGC JV LLC and<br>NORTH AMERICAN SPECIALTY<br>INSURANCE COMPANY | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff United States of America, for the use of MacAllister Machinery Co., Inc. dba MacAllister Rentals ("**Plaintiff**"), by counsel, for its Complaint pursuant to 40 U.S.C. § 3131 *et seq.* against defendants Nisou LGC JV LLC ("**Contractor**") and North American Specialty Insurance Company ("**Surety**"), states as follows:

### Parties, Jurisdiction, and Venue

1.      MacAllister Machinery Co., Inc. dba MacAllister Rentals ("**MacAllister**") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 6300 Southeastern Avenue, Indianapolis, Indiana.

2.      Contractor is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 7310 Woodward Ave., Suite 500, Detroit, Michigan.

3.      Surety is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located in City of Overland Park, Kansas.

4.      This action arises under 40 U.S.C. § 3131 *et. seq*.

5.      This Court has personal jurisdiction over Contractor and Surety because they are the Principal and Surety, respectively, of the payment bond described below issued for the federal construction project located in Indiana which is the subject of this action. In addition, Contractor served as general contractor for the construction project.

6.      This Court has subject matter jurisdiction because 40 U.S.C. § 3133 *et seq*. requires that this action be brought in the name of the United States for the use of MacAllister and because a federal question exists due to MacAllister's claim arising from a federal construction project owned and operated by the United States Department of the Army. Federal question jurisdiction exists under 28 U.S.C. § 1331.

7.      Venue is appropriate under 28 U.S.C. § 1391(b) and 40 U.S.C. §3133(b)(3) because the work under the construction contract for which the payment bond was furnished and for which MacAllister's claim arises was performed in this district.

**Claim on Payment Bond Under 40 U.S.C. § 3133**

8.      On or about August 1, 2019, Contractor entered into a contract (designated as Contract No. W912QR19C0026) with the United States of America to construct the Aerial Port Facility at Grissom Air Reserve Base, Indiana ("**Prime Contract**").

9.      To fulfill the requirements of the Prime Contract and 40 U.S.C. § 3131(b)(2), Contractor, as principal, and Surety, as surety, executed and delivered to the United States of America, Payment Bond # 2290582 ("**Bond**"), a true and correct copy of which is attached as Exhibit 1.

10.     Pursuant to 40 U.S.C. § 3131(b) and the express terms of the Bond, the Bond is

2

for the protection of all persons supplying labor and material or both in carrying out the work provided for in the Prime Contract.

11.     Contractor directly subcontracted a portion of its work under the Prime Contract to General Restoration and Construction LLC ("**Subcontractor**").

12.     In order to perform the subcontracted work, Subcontractor rented equipment and received related parts and services from MacAllister.

13.     Despite demand, Subcontractor has, without justification, failed and refused to pay MacAllister for the rental equipment and related parts and services used in carrying out work under the Prime Contract.

14.     Subcontractor is indebted to MacAllister for the rental equipment and related parts and services in the principal sum of $102,442.56, plus accrued late fees of $1,201.97 as of November 30, 2021, for the total amount of $103,644.53, plus late fees of $33.68 per diem from and after November 30, 2021. True and correct copies of the unpaid Invoices are attached as Exhibit 2 and incorporated herein.

15.     On December 29, 2021, MacAllister gave Contractor written notice pursuant to 40 U.S.C. § 3133 of its claim on the Bond, which included the amount owed and the name of the Subcontractor that MacAllister directly contracted with. A true and correct copy of the written notice, as well as proof of its delivery to Contractor on December 30, 2021, is attached as Exhibit 3 and incorporated herein.

16.     MacAllister gave the written notice to Contractor within 90 days from the date on which MacAllister furnished the last of the rental equipment and related parts and services for which MacAllister's claim was made.

17.     More than 90 days have passed since MacAllister last furnished rental equipment and related parts and services used in carrying out work provided for in the Prime Contract.

18.     Despite MacAllister issuing demands for payment to Contractor and Surety, Contractor and Surety have wrongfully and, in breach of their obligations under the Bond, failed and refused to pay MacAllister's claim.

19.     All conditions precedent to commencing and maintaining this action have been satisfied.

**WHEREFORE**, Plaintiff requests the Court enter judgment in its favor against Contractor and Surety, jointly and severally, in the principal sum of $102,442.56, plus accrued late fees of $1,201.97 as of November 30, 2021, for the total amount of $103,644.53, plus late fees of $33.68 per diem from and after November 30, 2021, and further that Plaintiff be granted all other just and proper relief.

RUBIN & LEVIN, P.C.
Attorneys for Plaintiff

By____/s/ Joshua W. Casselman_____
        Joshua W. Casselman
        Indiana Atty. No. 27055-49

RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN  46204
(317) 634-0300
Email:  jcasselman@rubin-levin.net
FAX No. (317) 263-9410
JWC/agm
G:\WP80\GENLIT\MacAllister-General Restoration-Grissom-84212120\Drafts\Complaint (final).wpd